No. 12,609.

PLATTE VALLEY DITCH AND RESERVOIR COMPANY *v.* H. C. LALLIER CONSTRUCTION AND ENGINEERING COMPANY.

(14 P. [2d] 1079)

Decided September 19, 1932. Rehearing denied October 10, 1932.

Messrs. WEBSTER, WEST & DRATH, for plaintiff in error.

Messrs. IRELAND & BLACKMAN, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS controversy has grown out of the construction by plaintiff construction company, as the contractor, for the defendant, as the owner, of a diversion dam across the South Platte river in the City and County of Denver. The plaintiff construction company in its complaint asked

for judgment in the approximate sum of $3,500, being the amount which it claims to be due as a balance for constructing and completing the same. The answer of defendant, in substance, alleges that the plaintiff agreed to construct and complete the dam for the sum of $11,990 as the total compensation therefor and that defendant has paid plaintiff thereon the sum of $11,630, and that the balance of $360 due to the plaintiff was withheld and retained by the defendant until title and ownership of certain materials used by the plaintiff in the construction of the dam, which was a matter in dispute, should first be established in plaintiff and evidence of such ownership furnished defendant, whereupon this latter sum should be paid by defendant to plaintiff and would be paid if and when proper proof of such ownership is so furnished. Upon such issues joined considerable evidence was taken, and the court found for the plaintiff as a balance due in the sum of $3,023.05. This judgment the defendant reservoir company asks to have set aside.

In the opening brief of the reservoir company its counsel say that the solution of the controversy depends principally upon the construction of the contract. They might have said entirely so dependent. The defendant thus summarizes the propositions which it attempts to demonstrate as follows: 1. The contract is a fixed price or lump sum contract and not, as plaintiff claims, a unit basis contract. 2. If the contract is a unit basis contract, still the amount due plaintiff as demonstrated by the engineer in his final estimate is final and binding upon the parties and the court as to all amounts in dispute. 3. After the work of construction was begun it was first learned that the bedrock in South Platte river, where this dam was constructed, was much harder and thicker than the parties themselves supposed it was when the contract was made. The contract provided that wood sheet piling was to be used, but in the progress of the work and when this condition of the bedrock was discovered, the parties agreed that steel sheet pil-

ing, which cost more, was thereafter to be used as it was impossible to complete the work by using wood sheet piling. Nevertheless defendant says it may pay only for what wood piling would cost. 4. If the contract is a unit basis contract, and if the engineer's determination of the amount due is not binding so far as concerns the steel sheet piling substituted for wood sheet piling, and if the engineer had power to authorize the change at an additional cost to the defendant, the ruling made by the court therefor is excessive and erroneous.

■■ The plaintiff's theory of the case is, first, that the construction contract in question is a unit basis contract and not a fixed price or lump sum contract. Our reading of the pleadings and the evidence and exhibits in the case satisfies us that, while there are some clauses of the contract which might be taken as indicating that the contract was a lump sum contract for a fixed amount, this written contract, which was signed by the parties, itself refers to certain schedules and specifications, which the parties themselves say was a part of the contract, which led the trial court, and as we think rightly, to construe the contract as a unit basis contract. The written contract in question was drawn by the defendant's engineer and in case of ambiguity, uncertainty or indefiniteness therein, under the familiar rule of construction, it must be interpreted most strongly against the party who drew it. The contract is one that calls for payment by the defendant for all work performed and materials furnished to it at certain unit prices designated in the specifications. Such was the construction put upon it by the trial court.

It is true that when bids were made by the different contractors upon this job they were informed that the contract would not be let and work be done if it exceeded a certain figure. Notwithstanding this fact the schedules and specifications annexed to the contract, and which thereby became by express recital a part thereof, clearly show that it was the belief of Mr. Field, the engineer of

the defendant corporation, who drew it, and such was his purpose in drawing it and preparing the schedules and specifications, that the prices prevailing should be on the unit price basis. It may be that this opinion of Mr. Field of itself might not be binding upon the defendant, if the contract itself as prepared was not reasonably susceptible of the construction which he put upon it. The specifications and schedules in question contain a number of provisions which are entirely inconsistent with the theory of defendant that the parties had entered into a fixed price or lump sum contract. The specifications and schedules were practically observed and conformed to by the parties as the work progressed. They contain the word ''prices'' which would be improper if the parties intended to enter into a fixed price or lump sum contract. If, as the defendant contends, the contract is a lump sum or fixed price contract, the word ''prices,'' which occurs frequently in the contract itself and in the schedules and specifications, would be meaningless. It may also be true, as defendant's counsel contend, that although the engineer who drew the contract, intended to make it a contract on the unit basis theory, this does not necessarily bind the defendant. However that may be, the engineer supposed that he was drawing a unit basis contract. Whatever he and the defendant may have thought about the kind of a contract the parties desired, the engineer was right in his conclusion as to its nature when considered in connection with the schedules and specifications annexed thereto and which were expressly made and became a part thereof.

The trial court was right in its construction of this instrument. There are certain statements in the contract, apart from the schedules and specifications, which might lead to the conclusion that the contract was for a fixed or lump sum beyond which the defendant was not liable. It is also true that the trial court, upon a first reading, was impressed that the contract was based on a lump sum price, but upon further investigation it

changed its mind and was convinced that the lump sum price was merely based on certain approximations on quantities set forth in the schedules, which were annexed to the contract and that the prices set forth in these schedules were what the witnesses designate as unit prices.

The engineer made certain findings as to the amounts due the plaintiff about which there is some controversy. But we think the trial court rightly held that these particular findings of the engineer in favor of defendant are binding upon both parties, except as to the items in Schedule 1 entitled: "Driving sheet piling" and in Schedule numbered 2 entitled: "Furnishing steel piling." The court found from all the evidence that the defendant's engineer was authorized to make them and the plaintiff may not now be heard to complain thereof, except as to the amount of the cost of furnishing and driving sheet steel piling instead of wood sheet piling. The engineer was authorized by the contract to change its items as to the use of steel sheet piling for wood sheet piling. The trial court so found and fixed the amount which the defendant was required to pay for the excess cost.

Summarizing we say that we think the trial court was justified, from all the evidence in the case, in finding that the parties themselves intended that the quantities contained in the schedules were but approximations only, and for the purpose of bidding, and that the basis of the bids was the unit price as fixed. There is some ambiguity in the various instruments, in the contract itself and the schedules and specifications, but the trial court rightly construed them more favorably for the plaintiff and as against the defendant who drew them.

There are, however, two amounts—one in the sum of $420, the other of $126—which we think the trial court improperly allowed to plaintiff. The aggregate of these two sums, $546, should be deducted from the amount of the final judgment in plaintiff's favor. It was the in-

tention of the engineer of defendant to draw, and he supposed that he had drawn, not a lump sum contract, but a unit basis contract. It is not likely that he was improperly assuming a right and power which the defendant did not intend to give him as to the kind of a contract that he was to draft. If it had been the intention of the engineer to fix a lump sum price for the entire work and the materials furnished, it was a superfluous thing for him to use the title: ''Quantities and unit prices'' for the work of construction. If the defendant corporation, through its engineer, intended to fix a lump sum price for the entire work and materials, such language as ''Quantities and unit prices'' would not have been inserted in the contract, as they would be inconsistent therewith.

The only mistake which the trial court made was the inclusion in the amount awarded to the plaintiff of the sum of $546 hereinabove mentioned. Because of its error therein the judgment should be, and it is, reversed and the cause remanded with instructions to the trial court to vacate its judgment and enter another judgment, in lieu thereof, in favor of the plaintiff for the sum of $2,477.05, each party to pay its own costs in the Supreme Court.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE ALTER concur.