# No. 17,703.

MARY SHERRY AND JANICE SHERRY, ETC. *v.* ANN JONES.
(292 P. [2d] 746)

Decided January 23, 1956.   Rehearing denied February 14, 1956.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiffs in error.

Messrs. Wood & Riss, Mr. Eugene S. Hames, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Janice Sherry, a minor, prosecutes this action by her mother and next friend, to reverse a judgment on a jury verdict for defendant in a suit to recover damages for personal injuries sustained as a result of being struck by an automobile driven by defendant Ann Jones on October 21, 1953, in the crosswalk at the intersection of West 8th Avenue and Lipan Street in Denver. Plaintiff, now plaintiff in error, contends that the verdict is not supported by the evidence; that the court erred in sustaining objections to the testimony of a lay witness relating to an estimate of speed of defendant's automobile; in instructing the jury on contributory negligence in the absence of any testimony thereon; and also the giving and refusing of other instructions.

Plaintiff, thirteen years old, residing at 549 Lipan street, was walking on Lipan street toward the home of friends residing at 915 Lipan street. She was on the west side of the street and when she approached the intersection of West 8th avenue and Lipan street she stopped to wait for traffic. The intersection of Lipan street and West 8th avenue is at the easterly end of a viaduct on 8th avenue with a sharp decline into Lipan street. There are no signal lights at this intersection. A truck going east on the viaduct was in the south lane of traffic next to the curb when it approached the intersection and stopped near the crosswalk. The driver, seeing plaintiff standing on the curb, motioned to her to

cross. She started to walk across 8th avenue and in front of the truck, that just as she passed the north line or north edge of the truck defendant's automobile struck her, causing serious personal injury to her head and teeth, the details of which are not necessary to repeat since the nature and extent of her injuries are not involved. The testimony shows there was a line of cars standing behind the truck in the outside lane of traffic; that defendant was on the inside lane near the center of the viaduct and was traveling at a speed estimated from twenty to twenty-five miles per hour, slowing down slightly as she passed the line of standing traffic because she feared someone would turn his automobile out of the line of standing cars into her lane. The testimony of a police officer, who promptly arrived at the scene of the accident, discloses that defendant's automobile made over-all skid marks of about seventeen feet and her automobile extended into the crosswalk. Defendant testified that she paid no attention as to the possibility of pedestrians crossing the walk and was not looking. She says her automobile stopped about even with the truck; however, the physical facts do not support her testimony, because the truck was stopped a short distance from the crosswalk and the driver of the truck testified that he motioned to plaintiff to cross and she walked in the line of the crosswalk in front of his truck and if defendant's automobile had stopped in line with the truck it would not have struck plaintiff, who was in the crosswalk.

The testimony of disinterested witnesses is clearly to the effect that plaintiff was not guilty of contributory negligence and the giving of an instruction on contributory negligence by the court in the absence of any testimony was error, because the jury could easily consider this an inference that the court believed there was evidence of contributory negligence.

A witness who was near the corner of the intersection at the time, saw plaintiff on the opposite side of 8th

avenue and was waiting for her to cross to inquire in regard to her mother. This witness said plaintiff looked both ways and that the truck stopped and the driver motioned to plaintiff and that plaintiff went across in front of the truck, and that she saw the car being driven by defendant. The following questions were then propounded:

"Q. And can you estimate the rate of speed that the car was going? "Mr. Hames: If the Court please, I think there should be a foundation laid for that question. "The Court: Objection sustained. "Mr. Gerald Mellman: Well, if the Court please, — "The Court: Objection sustained. "Q. Did you see the car being driven by Miss Jones approaching? "A. Yes, sir. "Q. In your opinion what was the speed of that car? "Mr. Hames: The same objection. "The Court: Objection sustained. "Q. Were you able to estimate the rate of speed at which the car being driven by Miss Jones was going? "Mr. Hames: The same objection. "The Court: Objection sustained. "Mr. Gerald Mellman: If the Court please, I would like to make an offer of proof. "The Court: An offer of proof won't help you in this particular instance. You haven't laid your foundation, Mr. Mellman. You have to qualify your witness, I don't care if it is a lay person or who it is."

Further in the testimony she said:

"Q. Are you acquainted with the speeds of automobiles? "A. Pretty much so, yes, sir. "Q. Do you feel that you can estimate the speed of an automobile? "Mr. Hames: I don't believe that is a proper question, if the Court please. "The Court: All right, objection sustained. "Q. Can you estimate the speed of an automobile? "Mr. Hames: I don't believe that is a proper question either, if the Court please. "The Court: Objection sustained."

■ This refusal of the court to permit the witness to testify as to the speed of defendant's car was error and was prejudicial to plaintiff. It has long been the established rule in this jurisdiction that persons of reasonable intelligence and ordinary experience in life may express

an opinion as to how fast an automobile or other moving object coming under his observation was going at a particular time, all without proof of further qualification. The weight of such testimony is for the jury to determine. *Larson v. Long,* 74 Colo. 152, 219 Pac. 1066. The question of the speed of defendant's automobile was material, particularly when the police officer had testified that there were seventeen feet of over-all skid marks which started approximately fifteen feet before the crosswalk. And further, when defendant on cross-examination stated that she made no effort to stop her automobile prior to the impact, but had slowed down some fearing an automobile would pull into her lane of traffic, and that she was trying to get across the intersection, and was not looking for any pedestrians or expecting any pedestrians.

In its instructions the jury had before it a city ordinance, a part of which is as follows:

"Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

As may be observed from our statement of the facts, it is clear that defendant violated the terms of this ordinance. It was highly prejudicial to plaintiff in face of this violation by defendant to in any way infer that plaintiff was guilty of contributory negligence when she was obeying the ordinance and waited for her own safety before crossing, and then only after she had been waved on by the driver of the truck. She had a right to assume, even though she saw defendant's car approaching, that defendant would stop and that she could proceed in safety. If pedestrians, obeying the law, cannot rely upon the observance of the law by motorists, then our ordinances concerning the safety of pedestrians are but a mockery. It is no defense to say that defendant had no knowledge of plaintiff being on the crosswalk,

because under the ordinance quoted above she was bound to anticipate the presence of pedestrians under circumstances shown by the evidence, she could not assume that there was no one on the crosswalk. Her duty was to obey the ordinance.

Counsel for defendant contend that the duty imposed on plaintiff was not to suddenly leave the curb or other place of safety and walk or run into the path of the vehicle which is so close that it is impossible for the driver to yield. This argument is not supported by the evidence.

A part of an instruction given by the court was: "* * * if you find there was a violation and that said violation was the proximate cause of the accident, then that would constitute negligence per se." The term "negligence per se" was in no way defined in the instruction and the jury was left to interpret the phrase without aid of the court.

Upon the showing that plaintiff was not negligent and that defendant violated the city ordinance with impunity, and where there is little or no dispute in the facts, the verdict of the jury was manifestly against the evidence and the judgment thereon is reversed and the cause remanded with directions to grant plaintiff a new trial.