No. 17,908.

LINDA BRAKHAHN, A MINOR, ETC. v. ALBERT HILDEBRAND.
(301 P. [2d] 347)

Decided September 4, 1956.   Rehearing denied October 1, 1956.

Messrs. PORTER & KLINGSMITH, for plaintiff in error.

Messrs. DUTCHER & SERAPHINE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

ON October 19, 1954, defendant in error, defendant below, owned and resided on a ranch located about seven miles north of Gunnison, Colorado, on Highway 341, commonly called the Ohio Creek road. In the locality of what is known as Jack's Cabin, some distance away from the highway, defendant and others had been grazing a large number of cattle, and on the night in question this entire herd of cattle, including 150 cattle belonging to defendant, was brought down to the highway about one mile south of defendant's ranch at an intersection of the highway with the road called Allen lane. At about four o'clock p.m. defendant and others commenced separating the cattle, in other words, cutting out and bunching the cattle belonging to defendant and other owners alike. Defendant's cattle were driven into Highway 341 to the north of the land and the other cattle were cut out and driven to the south. The so-called cutting process was completed about six o'clock p.m. and it was dark at that time. Defendant started to have his cattle driven north toward his ranch. An employee on horseback was driving the cattle and defendant preceded the herd in a jeep. On account of darkness defendant's headlights were turned on and there is a dispute as to whether the lights were dim or bright. Defendant's cattle covered the highway from fence to fence.

Shortly before six o'clock p.m., one Stratman left his ranch by automobile and started toward Gunnison on Highway 341, the plaintiff, a minor, being a passenger therein. When Stratman approached the point where

defendant's cattle were in the highway, he noticed the headlights of the jeep which defendant was driving. He says that the reflection from the bright lights on defendant's jeep was in his eyes to such an extent that he could not see any objects beyond or behind the headlights; that he dimmed the headlights on his own automobile but proceeded to pass defendant's jeep; and that he did not slow his speed other than to take his foot off the accelerator. Stratman was eighteen years of age. The state patrolman testified that Stratman told him that he was traveling fifty to fifty-five miles per hour and the investigation disclosed that the car skidded thirty feet after the impact with the cattle, and that he never slowed down after he became blinded by the headlights. The impact killed and injured five of defendant's cattle and demolished Stratman's car and injured plaintiff, the passenger therein.

Plaintiff filed a joint complaint with Stratman against defendant, alleging that defendant negligently and carelessly drove the cattle on the highway in such a manner as to constitute a danger and hazard to other persons using the highway. Stratman, the coplaintiff, alleged that on account of defendant's negligence his car was demolished and he was damaged in the sum of $500. Defendant answered, admitting the collision, but denying that the collision was the result of his negligence, and he filed a counterclaim against Stratman for $640, representing the market value of the five head of cattle killed and injured.

The case was submitted to a jury on October 6, 1955, after motions for directed verdict on the part of plaintiff and a motion that plaintiff's complaint be dismissed were overruled. The jury returned a verdict in favor of defendant and the judgment entered on the verdict is the subject of this review.

Plaintiff contends that the court erred in refusing to direct a verdict in her favor on the question of defendant's liability since, from the facts disclosed, reasonable

men could not disagree on the question of defendant's negligence; and that it was the trial court's duty to take the question of defendant's liability from the jury. Plaintiff further contends that the court erred in instructing the jury on plaintiff's contributory negligence and permitting the jury to consider contributory negligence as a defense, because defendant did not plead that defense, and raised the question for the first time by the instructions, and finally, that the court erred in refusing a number of plaintiff's tendered instructions.

There is but little reason to discuss some interesting questions presented by this record, because it is apparent that the judgment must be reversed with directions. It is undisputed that defendant created an obstruction on the highway in the nighttime by intentionally driving and causing to be driven a large herd of cattle which covered the highway from fence to fence without adequate warning and this was the proximate cause of the accident resulting in plaintiff's injuries.

Plaintiff rightfully contends that the trial court erred in giving an instruction on contributory negligence. Defendant contends that plaintiff cannot be heard on this objection because plaintiff made no objection to the instruction at the time it was readied for submission to the jury, and further, plaintiff contends that defendant did not plead contributory negligence as a defense and should not be allowed to raise the question here. According to plaintiffs' statement, now undisputed, plaintiff was afforded no opportunity by the court to register an objection. Assuming this to be true, the absence of an objection in the record does not now prejudice plaintiff according to Rule 46, R.C.P. Colo.

It is to be remembered that plaintiff was not the owner of, nor had any control over, the automobile in which she was riding, and that if the driver was negligent to the extent that it contributed to the accident, such negligence is not imputed to plaintiff, a passenger therein. Since the evidence does not disclose any

contributory negligence that could be imputed to plaintiff, it was error for the trial court to give such an instruction. We are at liberty under the circumstances here presented, to disregard the so-called failure to make the objection. The jury, finding such an instruction among those given it for guidance, could easily be misled by a natural inference that the court, by giving such an instruction, believed that there was some evidence of contributory negligence. *Sperry v. Jones,* 133 Colo. 160, 292 P. (2d) 746.

Since it is abundantly clear from the record that defendant's negligence as herein pointed out was the proximate cause of the accident, in the absence of any contributory negligence on the part of plaintiff, the judgment in defendant's favor must be, and is, reversed and the cause remanded with directions for a new trial consonant with the views herein expressed.