No. 18,363.

VELMAN SEAL *v.* FREDERICK E. LEMMEL.
(344 P. [2d] 694)

Decided October 5, 1959.

Mr. EMORY L. O'CONNELL, for plaintiff in error.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. DON R. EVANS, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE parties will be referred to by name or as they appeared below where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff, hereinafter called Seal, sued to recover for personal injuries resulting from an automobile accident. From an adverse judgment he brings error.

The record discloses that on October 28, 1953, Seal, employed as Coroner of Jefferson County, Colorado, procured a ride in a Jefferson County Sheriff's car from Golden, Colorado, to a drug store in Lakewood, Colorado. He was not at the time engaged in his official capacity as Coroner, the trip having been undertaken for personal reasons and to accommodate an agency of the Federal Government. Later he was picked up by another sheriff's car driven by Deputy Sheriff Harold Martindale of Jefferson County for the return trip from

Lakewood to Golden. The car, with Seal in it as a passenger, proceeded west on Colfax Avenue (toward the City of Golden), making two brief side trips to serve papers. Seal waited in the car during these stops. While the car was parked at the last of these, Martindale received a call by radio pertaining to a holdup at the Lakewood Drive-In Theatre at Seventeenth and Sheridan Boulevard in Denver. He was instructed to proceed there under Code 10-100, which plaintiff knew meant an emergency run at speeds that would exceed legal speed limits.

Seal did not leave the car before it started on this emergency run, although afforded ample opportunity to do so, but chose to go along on the trip. The reason given was that he did not want to walk the mile and a half back to Golden. After Martindale had driven about three miles from the point where he received the holdup broadcast his vehicle collided with another car driven by the defendant Frederick E. Lemmel, resulting in the injuries to Seal.

The record discloses that Martindale, just prior to the accident, was driving east on West Colfax Avenue. His headlights were operating. A spotlight on the left side of the car was being operated by Martindale; a red spotlight on the right side of the car was in a stationary position, shining straight ahead. The vehicle was equipped with a siren, which Martindale operated intermittently by pressing a button on the left side of the floorboard. His testimony discloses he last sounded it three tenths of a mile from the scene of the accident.

As he was driving Martindale directed his spotlight on oncoming cars in an effort to determine whether the "get-a-way car," as described by the radio, was included among them. His attention was thus focused to some extent on west bound traffic and he was not at all times looking directly ahead of him.

Lemmel, driving west on West Colfax Avenue, made a left turn at Kipling Street directly in front of the sher-

iff's vehicle and the collision ensued. Both Lemmel and an eye witness to the accident testified that they did not hear the siren of the sheriff's vehicle.

Plaintiff assigns as error two types of instructions given by the trial court. The first assignment is that it was error to instruct the jury upon the question of negligence on the part of the driver of the car in which plaintiff was a passenger, contending that there was no evidence of such negligence and it would not, if true, have affected plaintiff's right of recovery.

■ No facts are disclosed by which the negligence, if any, of the driver of the sheriff's car could be imputed to plaintiff. It follows that it was error to submit to the jury the question as to whether the driver of the sheriff's car was negligent, the issue being one of fault as between plaintiff and defendant. See *Swanson v. McQuown* (1959), 139 Colo. 442, 340 P. (2d) 1063.

*Swanson,* supra, discusses rather fully the rule as to when negligence can be imputed and quotes A.L.I. Restatement of Torts, §485, as follows:

" * * * a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person."

■ Since there is no evidence here that this plaintiff was aiding the driver, or was his employer, or was in control of the vehicle, or that they were engaged in a joint enterprise, there could be no liability of plaintiff to defendant on account of any negligence of plaintiff's driver. See 5 Am. Jur. 756, §811, and note in 123 A.L.R. 1171.

The other objection is to the instruction which related to whether plaintiff had, under the facts of this case, voluntarily assumed the risk of a collision by riding as a guest in the sheriff's vehicle.

It is clear that the trial court's instruction on volun-

tary assumption of the risk was erroneous for that doctrine has no application to the facts before us.

■ Voluntary assumption of the risk by this plaintiff occurred as between plaintiff and his driver when plaintiff chose to remain in the sheriff's vehicle during its emergency run. If plaintiff had sued his driver, then this type of instruction would be proper, but that is not this case. See *Grassie v. American La France Fire Engine Co.* (1928), 95 Cal. App. 384, 272 Pac. 1073; *Nardone v. Milton Fire District* (1941), 27 N.Y.S. (2d) 489, 261 App. Div. 717, affirmed 288 N.Y. 654, 42 N.E. 746; *Summerfield v. Flury* (1929), 198 Wis. 163, 223 N.W. 408; 2 *Harper and James, The Law of Torts,* Ch. XXI; 2 *Restatement of Torts* 466; Bohlen, *"Voluntary Assumption of Risk,"* 20 Har. L.R. 14.

■ As between the plaintiff and defendant the plaintiff not only assumed no risk, but had the right to assume that defendant would obey the traffic laws. He assumed no risk of negligence on the part of defendant by reason of his choosing to ride in an emergency vehicle. The doctrine has been applied to a guest suing the driver or owner of another vehicle; however, those cases rest upon different facts than those before us and are based mainly upon imputed negligence, independent negligence, joint enterprise or control or contributory negligence. For example, in *Knipfer v. Shaw* (1933), 210 Wis. 617, 246 N.W. 328, the plaintiff's wife was aiding her husband to drive in a blinding fog by keeping a lookout. A collision with another vehicle occurred and it was held she could not recover against the other driver.

■ In the instant case the duty imposed upon plaintiff by law as a guest in relation to defendant was the exercise of ordinary care for his own safety. *Coy v. Hoover* (1954) (Ky), 272 S.W. (2d) 449. The plaintiff, under the circumstances, was within his rights in choosing to ride with the deputy sheriff, who in the course of the trip was required to respond to an emergency call.

To say that plaintiff was contributorily negligent in such circumstances, is to say that he should have rejected the opportunity for transportation back to Golden, or as said in *Jacobsen v. McGinness* (1957), 135 Colo. 357, 311 P. (2d) 696:

"To say that in such circumstances Jacobsen was contributorily negligent would be to say that he should not have been on that road at that time in the morning, or better still, should have stayed at home."

Neither the deputy sheriff's alleged negligence, nor the doctrine of assumption of risk, apply to the situation disclosed by this record.

The judgment is reversed and cause remanded to the trial court with directions to grant a new trial consistent with the views expressed herein.