476 P.2d 53 (1970)
LaVon BAINBRICH, Plaintiff in Error,
v.
Clyde E. WELLS, Defendant in Error.
No. 70-276. (Supreme Court No. 23626.)
Colorado Court of Appeals, Division I.
August 18, 1970.
Rehearing Denied September 9, 1970.
Certiorari Granted November 12, 1970.
Joseph P. Constantine, Denver, for plaintiff in error.
Cosgriff & Dunn, John W. Dunn, Leadville, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court *54 of Appeals under the authority vested in the Supreme Court.
This was an action for personal injuries arising out of an automobile accident. The defendant below, Mrs. Bainbrich, brings this appeal from a jury verdict in favor of the plaintiff below, Clyde Wells.
On the night of the accident, Wells and Mr. and Mrs. Bainbrich were playing as a band at a bar in Leadville, Colorado. Mr. and Mrs. Bainbrich regularly played together in the band; Wells had been hired that day as a substitute player. After the bar closed, Wells and the Bainbrichs were returning to Denver in an automobile owned and being operated by Mr. Bainbrich. The automobile hit an icy spot, skidded across the highway, and struck a guard rail.
The liability of Mrs. Bainbrich was predicated on the theory that she and her husband were engaged in a joint enterprise at the time of the accident.
It is our opinion that there was insufficient evidence of a joint enterprise to warrant submitting the issue to the jury.
In order for a joint venture or joint enterprise in the operation of an automobile to exist, two or more persons must unite in pursuit of a common purpose, and each person must have a right to control the operation of the automobile in question. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185; Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250. Where the right to control is lacking, a joint enterprise does not exist. Seal v. Lemmel, 140 Colo. 387, 344 P.2d 694; Brakhahn v. Hildebrand, 134 Colo. 197, 301 P.2d 347.
No evidence was presented in the trial of the matter indicating that Mrs. Bainbrich exercised or had any authority to exercise any control over the automobile owned and being driven by her husband. The mere existence of a marital relation is not sufficient to infer the existence of a joint enterprise in the operation of an automobile.
"In the absence of a right of both to control, direct, and govern the operation of the vehicle, a husband and wife riding together while engaged in carrying out a common purpose are not engaged in a joint enterprise insofar as the operation of the vehicle is concerned." 8 Am. Jur.2d Automobiles and Highway Traffic § 680.
We are also of the opinion that there was not sufficient evidence of a joint business venture to support liability on the part of Mrs. Bainbrich. A joint business venture has been defined as follows:
"A joint adventure cannot arise by mere operation of law, its legal force being derived from the voluntary agreement of the parties either express or implied. 48 C.J.S. Joint Adventures § 3, p. 816, et seq.
"The test in determining whether a joint adventure relationship exists is very well set forth in the case of White v. A. C. Houston Lumber Co., 179 Okl. 89, 64 P.2d 908. Therein the court said there are three requirements for a joint venture:
"`* * * (1) There must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to share in the profits and losses of the venture; and (3) there must be actions and conduct showing co-operation in the project. None of these elements alone is sufficient.'" Realty Development Co. v. Feit, 154 Colo. 44, 387 P.2d 898; accord, Swann v. Ashton, 10 Cir., 330 F.2d 995.
Plaintiff's evidence offered on this point, disputed by defendant, was Wells' testimony that both Mr. and Mrs. Bainbrich told him what to do in connection with playing in the band; that Mrs. Bainbrich had paid him on a former occasion; that he "was under the impression" that both parties had hired him; and that both Mr. and Mrs. Bainbrich taught at the Bainbrich's dancing school. No testimony or evidence *55 was offered to show that Mr. and Mrs. Bainbrich shared in the profits and losses of the dance band, or that they jointly owned the assets, if any, of the band.
The judgment is reversed and remanded with directions that the plaintiff's action be dismissed.
SILVERSTEIN, C. J., and DWYER, J., concur.