## No. C-40.

### CLYDE E. WELLS *v*. LAVON BAINBRICH.
(491 P.2d 976)

Decided December 20, 1971.    Rehearing denied January 10, 1972.

COSGRIFF & DUNN, JOHN W. DUNN, for petitioner.

JOSEPH P. CONSTANTINE, for respondent.

*En Banc.*

PER CURIAM.

CERTIORARI was granted to review a judgment of the Court of Appeals which reversed a judgment of the District Court of Lake County in favor of petitioner, awarding damages against respondent.

504

The grounds alleged in the petition for certiorari were that the Court of Appeals decided a question of substance in a way probably not in accord with applicable decisions of this Court. After reviewing the record of the proceedings in the trial court, we hold that the disposition by the Court of Appeals was proper under the decisions of this Court.

Petitioner's claim against respondent arose out of an automobile accident in which he sustained extensive bodily injuries. We need not recite the factual background, as it is detailed in the decision of the Court of Appeals in *Bainbrich v. Wells,* 28 Colo. App. 432, 476 P.2d 53.

Petitioner's theory was that the negligence of Mr. Bainbrich (husband of respondent), who was the owner and driver of the auto in which petitioner and respondent were riding as passengers at the time of the accident, was imputed to respondent under the law of joint enterprise. The Court of Appeals held there was insufficient evidence of a joint enterprise to warrant submitting the issue to the jury. We agree.

Here, the evidence of joint enterprise amounted to no more than conclusory declarations by petitioner that such was in existence, without a showing of any substantial basis in fact for such conclusions.

The judgment is affirmed.