507 P.2d 1101 (1973)
Barbara Jean POWELL, Plaintiff-Appellant,
v.
The CITY OF OURAY, a municipal corporation, Defendant-Appellee.
No. 72-177.
Colorado Court of Appeals, Div. I.
January 30, 1973.
Rehearing Denied February 21, 1973.
*1103 William L. Carew, Thomas H. Birch, Colorado Springs, Irvin M. Kent, Denver, for plaintiff-appellant.
Coit, Graham, Webster & Wise, George Graham, Grand Junction, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Barbara Jean Powell, filed this action against the City of Ouray, seeking damages for injuries she sustained as the result of a collision between a jeep owned by the City and the motorcycle on which she was a passenger. The defendant City admitted that the accident occurred; denied that the City employee driving the jeep, Cromwell Southward, was negligent, and raised the affirmative defense of contributory negligence.
The case was tried to a jury and the following facts were established.
On the day of the accident, plaintiff and her husband were on a sight-seeing trip in the Ouray area on a motorcycle owned by and titled in the husband. Their travels took them on a road which goes up to a narrow bridge crossing over a river, and into the mountains. While approaching the river Mr. Powell, the driver of the motorcycle, saw a jeep pickup truck at least 500 feet ahead of him, parked on the bridge. Uncontradicted testimony establishes that he pulled his motorcycle to the side of the road well off the traveled portion, and waited to see what the driver of the jeep would do. In the meantime, Southward, the driver of the jeep, began to back the jeep off the bridge. He testified that although he had seen the motorcycle prior to his leaving the bridge, he lost sight of it while backing up and presumed it had either left the street or pulled into a nearby motel. The evidence is contradictory as to whether Southward backed his truck directly into the motorcycle or whether he was backing his truck toward the motorcycle and at the last instant swerved into the motorcycle. However, it is undisputed that he did hit the motorcycle, and that he did not see or hear the efforts of plaintiff and her husband to attract his attention prior to the accident. The motorcycle was knocked over on top of Mrs. Powell and the alleged injuries resulted. Mr. Powell escaped the accident without injury.
The case was submitted to the jury with instructions on contributory negligence. Since the action arose after adoption of the Colorado comparative negligence statute, 1971 Perm.Supp., C.R.S.1963, 41-2-14, the jury was instructed that they must determine the degree of negligence of each *1104 party, expressed as a percentage of 100%. The jury returned a special verdict in which they determined that the defendant was negligent; that said negligence was a proximate cause of plaintiff's claimed injuries, and that plaintiff's own contributory negligence was likewise a proximate cause of her claimed injuries. They further determined that the percentage of combined negligence attributable to defendant, City of Ouray, was only 30%, while plaintiff's contributory negligence was 70% of the total. As a result, no award of damages was entered for plaintiff. Plaintiff appeals. We reverse.

I.
Initially, appellant contends that the trial court erred by not granting a motion for change of venue. The record shows that appellant initially requested a change of venue in a pre-trial statement, which was denied. Treating this as a motion for change of venue, we find that it was not supported by an affidavit as required by C.R.C.P. 98(g) and therefore, was properly denied as not complying with the rule.
Thereafter, the motion for change of venue was renewed at the close of appellant's voir dire examination of prospective jurors, this time taking the form of a challenge for cause of the entire panel. Again, it was denied by the court.
C.R.C.P. 98(e)(1) provides that the court may, in its discretion, grant a motion for change of venue if justice would be promoted or if either party fears that it would be impossible to receive a fair trial in the county in which the action is pending. The burden, however, of establishing that undue prejudice in the community exists, is on the party seeking the change. Cliff v. Gleason, 142 Colo. 500, 351 P.2d 394. Whether prejudice exists is a question of fact that may be developed at voir dire. Martz v. People, 114 Colo. 278, 162 P.2d 408. Here, the voir dire established that a significant portion of the jury panel was familiar with the witnesses on behalf of the defendant City, and that a portion of them, as citizens of the City, could have an economic interest in the outcome of the suit. However, the voir dire also established that each prospective juror considered himself capable of being fair under the circumstances, and able to return a verdict for plaintiff if the evidence supported it. It was for the trial court to consider these facts, and grant or deny the motion for change of venue, and only a clear showing of abuse of discretion on its part would permit this court to reverse its ruling. Liber v. Flor, 160 Colo. 7, 415 P. 2d 332; Reyher v. Mayne, 90 Colo. 586, 10 P.2d 1109. Here, the record falls far short of establishing that the defendant City, or its employee, exercised an undue influence over its inhabitants, or that any prejudice or miscarriage of justice would result from proceeding with the trial in Ouray County. C.R.C.P. 98. We perceive no abuse of discretion in the court's denial of the motion for change of venue.

II.
Turning to the issue of negligence, defendant initially raises the question of whether Southward was negligent at all. Because negligence of the plaintiff would only be relevant if Southward were negligent, it is necessary to consider this matter first.
Mr. Southward, in backing his vehicle, had a duty to exercise reasonable care. McBride v. Woods, 124 Colo. 384, 238 P.2d 183. This standard has been codified in 1965 Perm.Supp., C.R.S.1963, 13-5-150(1) (a) as follows:
"The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."
In the instant case, the evidence was such that different conclusions could be drawn as to whether negligence was shown, and thus the question was properly submitted to the jury for determination. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. A review of the record reveals adequate *1105 evidence upon which a finding of negligence could be based.
The question then becomes one of whether there was adequate evidence to support submitting to the jury the question of whether Mrs. Powell was negligent. The City argues two theories to support submission. First, that Mrs. Powell was negligent herself in that she failed to keep a proper lookout, and did not warn her husband of the impending danger. The second theory is that the driver of the motorcycle, Mr. Powell, was negligent and that this negligence could be imputed to Mrs. Powell as the passenger. This latter issue was submitted to the jury with instructions on joint venture, the contention being that this sight-seeing trip was a joint venture between husband and wife. We do not find adequate evidence to support either theory and hold that the question of Mrs. Powell's negligence should not have been submitted to the jury.
This action arose after adoption of the comparative negligence statute, and it was apparently the trial court's understanding that because of this change in the law, its responsibility with regard to ruling on the issue of plaintiff's negligence, as a matter of law, had been altered. We disagree with this approach. The general rules, which we adopt, is that comparative negligence rules are applicable only where there is evidence presented which would substantiate a finding that both parties are at fault, and the inability to prove any negligence on the part of plaintiff eliminates the operation of the rule. C. Heft & C. Heft, Comparative Negligence Manual § 5.30; I D. Blashfield, Automobile Law and Practice § 63.3; Bentzler v. Braun, 34 Wis.2d 362, 149 N.W.2d 626.
Colorado has followed the rule that the trial court should not, when considering negligence issues, rule, as a matter of law, except where the facts are undisputed and reasonable minds could draw but one inference from them. Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250. It has also been recognized that it is error not to withdraw the issue of contributory negligence from the jury where no evidentiary foundation has been offered to support an instruction on this defense, Dilts v. Baker, 162 Colo. 568, 427 P.2d 882. The enactment of the comparative negligence statute does not alter these rules. Under the facts before us, it was improper to submit the issue to the jury.
Negligence of the plaintiff, as we use the term, in applying it to a passenger, is analogous to contributory negligence as defined in Matt Skorey Packard Co. v. Canino, 142 Colo. 411, 350 P.2d 1069. There it was stated:
"In Colorado, contributory negligence has been defined as such acts or conduct on the part of a plaintiff but for which he would not have been injured; or, otherwise stated, negligence on the part of the injured person that so far contributed to the injury that without it the injury would not have occurred [citing cases]. Negligence involves the violation of duty or an obligation to another; contributory negligence does not affect a duty but embraces an undue risk of harm to oneself. The true measure of conduct required of the plaintiff, is what would an ordinarily prudent person have done under the circumstances as they then appeared to exist."
This duty to protect oneself from unreasonable risk, and to act as a reasonably prudent person, has been extended to passengers in a car. Hinkle v. Union Transfer Company, 10 Cir., 229 F.2d 403; Seal v. Lemmel, 140 Colo. 387, 344 P.2d 694. When applied to the facts in this case, this duty has not been breached.
Mrs. Powell was a passenger on a legally parked motorcycle. It is uncontradicted that she was enjoying the scenery rather than observing the jeep while the vehicle was so parked. It would be unreasonable to conclude that Mrs. Powell acted other than as a reasonably prudent person. Even if Mr. Powell, being aware of the City vehicle, had a duty to watch it, (a question we do not address) the passenger's *1106 duty would be less. Lampertius v. Chmielewski, 6 Wis.2d 555, 95 N.W.2d 435. To say that a passenger on a legally parked vehicle can be negligent under the circumstances of this case, would be to say that a passenger can never cease watching the moving traffic in his vicinity. Such a rule is unacceptable under Colorado law. See Seal v. Lemmel, supra.
Nor do we think that the evidence presented would support imputing any negligence on the part of Mr. Powell to Mrs. Powell under a theory of joint venture. The applicable law is set forth in Bainbrich v. Wells, 28 Colo.App. 432, 476 P.2d 53, affirmed, Colo., 491 P.2d 976, where we said:
"In order for a joint venture or a joint enterprise in the operation of an automobile to exist, two or more persons must unite in pursuit of a common purpose, and each person must have a right to control the operation of the automobile in question. [citing cases]. Where the right to control is lacking, a joint enterprise does not exist [citing cases]
......
"`In the absence of a right of both to control, direct, and govern the operation of the vehicle, a husband and wife riding together while engaged in carrying out a common purpose are not engaged in a joint enterprise insofar as the operation of the vehicle is concerned.'"
The only facts before us, other than the usual courtesies of respecting each other's desires, which could have any bearing on this issue, are that a husband and a wife were on a pleasure trip on the husband's vehicle. There was also incidental evidence of joint bank accounts. This evidence cannot be construed to make the wife any more than a passenger on the vehicle with her husband. More than this is required before a right to control can be found, as in situations where both joint ownership and joint occupancy in possession are present. Moore v. Skiles, 130 Colo. 191, 274 P.2d 311; Lasnetske v. Parres, supra. Under the circumstances before us, the question of imputed negligence is one of law and should have been decided by the court. Woodard v. St. Louis-San Francisco Ry. Co., 5 Cir., 418 F.2d 1305.
Since the facts will not support such an imputation of negligence, we do not need to address the issue of whether Mr. Powell was in fact, negligent.
Having determined that the evidence would not support instructions on either negligence of the plaintiff or joint venture with regard to Mrs. Powell, we conclude that it was error for the court to submit the question of her negligence to the jury.

III.
We have considered appellant's other points of error concerning instructions given by the court. We perceive no error in the instructions complained of and a discussion thereon would be of no assistance upon the retrial of this case.
Judgment is reversed and the cause remanded for a new trial.
DWYER and ENOCH, JJ., concur.