No. 20,182.

WILLIS M. WEBBER, JR., ETC., D/B/A EAST TINCUP LAND
AND INVESTMENT CO. *v.* CARROLL R. SATRIANO, JR.

(384 P. [2d] 924)

Decided September 3, 1963.

Mr. JAMES J. DELANEY, Mr. EUGENE F. COSTELLO, for
plaintiff in error.

Mr. ROBERT E. McLEAN, Mrs. MARJORIE WORLAND MC-
LEAN, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

HERE the parties appear in reverse order to their
appearance in the trial court, where the plaintiff in

error, to whom we refer as defendant or Webber, and Business and Product Promotion, Inc., a corporation, were defendants, and defendant in error, to whom we refer as plaintiff or by name, was plaintiff.

Plaintiff commenced this action on September 20, 1960, seeking to recover judgment against Webber and Business and Product Promotion, Inc., for $2000.00 and interest. His complaint alleges that on March 23, 1960, he loaned to said defendants $2000.00, and that amount is due and owing from the defendants to the plaintiff.

The defendant Business and Product Promotion, Inc., by answer denied all of the allegations of the complaint, and prior to trial, at plaintiff's request, his claim against the defendant Business and Product Promotion, Inc., was dismissed without prejudice.

Webber answered, admitted that he received $2000.00 from plaintiff and denied that said $2000.00 was a loan, and alleged that the same was a contribution of capital by plaintiff, made pursuant to a written joint venture agreement entered into by himself and Satriano on March 24, 1960. Attached to the answer, as Exhibit A, is a copy of the agreement. Defendant also pleaded a counterclaim wherein it is alleged that plaintiff is indebted to the defendant, pursuant to said joint venture agreement, in the amount of $2386.85.

Trial of the issues between plaintiff and Webber was to the court. The court found the issues in favor of plaintiff and against Webber. Judgment for plaintiff was entered for the amount of $2000.00 and interest from March 23, 1960. Defendant's counterclaim was denied.

The defendant is here seeking reversal and states: "The single issue presented, therefore, is the legal effect of the written instrument, in evidence as Exhibit A."

Exhibit A was drawn by Webber. In seeking to determine its legal effect, we follow the well established rule set forth in *Gardner v. Englewood*, 131 Colo. 210, 282 P. (2d) 1085:

"Another rule of construction is that, in event of language of doubtful meaning in a contract, or where it appears indefinite or uncertain to a degree, it shall be interpreted most strongly against the party who drew it. *Platte Valley Ditch & Reservoir Co. v. Lallier Construction & Engineering Co.,* 91 Colo. 317, 14 P. (2d) 1079."

Exhibit A is dated March 24, 1960, the day following that on which plaintiff issued his $2000.00 check payable to the defendant.

The opening and closing statements of the Exhibit are significant — they are:

"This will serve as a preliminary agreement to enter into joint ventureship * * * for the purpose of operating a concession known as 'The Tin Lizzie Ride.' This concession will be leased from Business & Product Promotion, Inc., at East Tincup, Colorado, and operated under the terms of their standard lease.

* * *

"A formal joint ventureship agreement shall be entered into some time between this date and May 20, 1960."

Between these opening and closing statements the Exhibit contains only *recitals* outlining in considerable detail equipment that Webber had purchased, the business to be conducted, the amounts contributed by each, anticipated additional amounts of capital needed, and an enumeration of anticipated operating expenses to be deducted prior to division of profits.

The Exhibit contains no provision as to sharing losses, neither party agrees to do anything unless it be found in the following sentence which immediately precedes the signatures of Webber and Satriano: "If this agreement correctly states the terms and intentions of both of the parties, each will sign below."

Plaintiff had, since late in February 1960, been employed as assistant manager of "Business and Product Promotion, Inc."

The defendant Webber owned the majority of stock

and was the general manager of this corporation which was then engaged in constructing an amusement park to be known as East Tincup, Colorado. The park was designed to have numerous concessions, including a museum, burro pack train, music hall, Tin Lizzie Ride, etc.

It was the duty of the plaintiff as assistant manager of Business and Product Promotions, Inc., to arrange leases for the various concessions, consummate deals, hire some personnel, oversee construction, do promotional work and maintain and manage Mr. Webber's personal concessions.

There were applicants for the Tin Lizzie Ride; however, no deal was consummated and as a consequence thereof the parties here discussed the question of the Tin Lizzie Ride and considered the possibility of Webber and Satriano acquiring and operating the same. Exhibit A followed as a result of these considerations.

As assistant manager of Business and Product Promotions, Inc., the plaintiff was active in getting the Tin Lizzie Ride and other concessions ready for operation prior to the anticipated opening date, May 30, 1960. The Tin Lizzie Ride started operating on May 27, 1960, and plaintiff was active in all of the affairs of Business and Product Promotion, Inc., including the Tin Lizzie Ride, from the opening date until June 19, 1960, on which date the corporation, acting through Webber, for undisclosed reasons, discharged the plaintiff.

There is nothing in the record to indicate that the alleged joint ventureship ever adopted a name for doing business, ever had any books of account set up; ever had a bank account, or any assets or liabilities; ever paid any bills or wages or received any receipts from the operation of the ride; ever made any income tax returns, or filed an affidavit of doing business under a trade name, as required by C.R.S. '53, 141-2-1, or ever existed as a legal entity.

After plaintiff's discharge by the corporation he took

no further part in the operations of its business or the Tin Lizzie Ride or any other of Webber's affairs.

Webber continued to operate the Tin Lizzie Ride through the 1960 season at a profit, and through 1961 at a loss.

The plaintiff testified that the $2000.00 which he advanced was a loan made to defendant, who was in "dire straits financially," and that in signing Exhibit A, it was understood that the same was an option until May 20, 1960, whereby he could become a partner, and that in the event he elected to become a partner a formal partnership agreement would be drawn and executed. ...

On the other hand, the defendant contends that the $2000.00 was a part of plaintiff's contribution of capital to the joint venture, and that plaintiff should have judgment for the balance of his share of capital and each should share equally in the profits and losses of the venture.

■ The trial court resolved this dispute in favor of plaintiff and found:

" * * * The defendant Webber further testified that the plaintiff had not participated in any of the operations of any of the defendants since plaintiffs discharge in June of 1960, that he, Webber, had operated the 'Tin Lizzie Ride' from the time of the termination of the plaintiff's employment, that he had made no accounting to the plaintiff, that he had been responsible for the hiring and firing of employees after the termination of Mr. Satriano, that the 'Tin Lizzies' were in his own name and that the instrument marked Exhibit 'A' was different from the usual agreements entered into with other concessioneers [sic].

"The Court finds that the plaintiff loaned to the defendant Willis M. Webber, Jr. the sum of $2,000.00 on March 23, 1960, that said sum is due and owing to the plaintiff from the defendant Webber, individually.

"The Court further finds that the parties to Exhibit 'A' did not enter into a joint venture or limited partner-

ship of any type. The Court finds in favor of the plaintiff and against Willis M. Webber, Jr., individually, and Willis M. Webber, Jr. DBA East Tincup Land and Investment Co., a Colorado corporation, on the plaintiff's complaint and in favor of the plaintiff and against the defendants, and each of them, on the defendants' counterclaim."

It was the function of the trial judge to determine the facts, and we find that the testimony and the documentary evidence afford ample support for the court's determination.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS not participating.