No. 20,280.

REALTY DEVELOPMENT COMPANY *v.* ALBERT FEIT.

(387 P. [2d] 898)

Decided December 30, 1963.

Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. FRANCIS S. MANCINI, Mr. PHILIP E. LOWERY, for defendant in error.

*In Department.*

OPINION by MR. JUSTICE DAY.

THE parties appear here in inverse order from that in the trial court. We will refer to the plaintiff in error as Realty; to the co-defendant in the trial court, Gamble

Land and Development Company, as Gamble, and to the defendant in error as plaintiff or by name.

Feit brought action against Realty and Gamble, claiming salary and commission for work and services rendered to Gamble as its general project expediter and supervisor of its sales in a housing development. He claims salary of $100.00 a week, a commission of $25.00 for each of the 109 houses sold during a period of time, and one-half of the salesman's commission for the sale of 12 houses. Judgment was entered against both defendants in the sum of $3,523.75, which included interest. Realty is the only defendant to sue out writ of error to this judgment.

It was undisputed that Gamble hired plaintiff Feit and that it defaulted in its obligation to pay him. Feit sought to hold Realty on the theory that it was engaged with Gamble in a joint venture. The court so held and accordingly entered judgment against both.

Ordinarily on findings of the court on a disputed claim this court would be bound by the judgment, and plaintiff urges that is the manner in which we should treat this writ of error. However, we find that the findings of the trial court are predicated on a misapplication of the law and that the court was in error.

There was a written agreement between Realty and Gamble. It was not ambiguous and is not susceptible to interpretation. The agreement provided that Realty was to finance Gamble, who was an independent contractor engaged in building homes. It was provided in the agreement that Realty was to be paid $500.00 by Gamble for each home sold. This obligation of Gamble was an absolute one and it was not contingent on Gamble making a profit. There was no agreement to share the losses.

Feit, at the time he was employed, knew nothing about the agreement between Realty and Gamble. He now attempts to convert the contract into one of joint adventure based on the premises that the two defendants

were engaged in a common pursuit and had a mutuality of interest.

■ A joint adventure cannot arise by mere operation of law, its legal force being derived from the voluntary agreement of the parties either express or implied. 48 C.J.S. Joint Adventures, § 3, p. 816, et seq.

The test in determining whether a joint adventure relationship exists is very well set forth in the case of *White v. A. C. Houston Lumber Co.*, 179 Okla. 89, 64 P. (2d) 908. Therein the court said there are three requirements for a joint venture:

"* * * (1) There must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, *to share in the profits and losses of the venture;* and (3) there must be actions and conduct showing co-operation in the project. *None of these elements alone is sufficient.*" (Emphasis supplied.)

This court had occasion to quote with approval from an Oklahoma case in *Fedderson v. Goode*, 112 Colo. 38, 145 P. (2d) 981, in connection with the determination of the question of joint venture. Therein this court said: "The chief characteristic of a joint adventure is a joint and not a several profit."

■ Under the agreement here in question, Realty was to receive for the building site the sum of $500.00 per house without any regard to Gamble's profit. Whatever Gamble made or lost was of no concern to Realty.

Gamble employed the plaintiff and made the agreement for his compensation. The testimony and exhibits showed that what compensation Feit received before Gamble got into financial difficulties was in fact paid by Gamble on Gamble checks.

The judgment is reversed with directions to dismiss the action against Realty.

MR. JUSTICE HALL and MR. JUSTICE McWILLIAMS concur.