Francis Eugene SWANN and Ellen T. Swann, Appellants,

v.

David W. ASHTON, doing business as "Wells Fargo," and Buckskin Joe, Inc., Appellees.

No. 7304.

United States Court of Appeals Tenth Circuit.

April 23, 1964.

**996**

Frank G. Stinemeyer, Denver, Colo. (M. Keith Singer, Denver, Colo., on the brief), for appellants.

Robert B. Yegge, of Yegge, Hall & Shulenburg, Denver, Colo., for appellee David W. Ashton.

John Stump Witcher, Canon City, Colo., for appellee Buckskin Joe, Inc.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

On February 13, 1964 an order was entered denying appellees' petition for rehearing. On February 14, 1964, appellee Buckskin Joe, Inc. submitted additional authorities in support of the petition for rehearing, particularly a recent Colorado case—Realty Development Co. v. Feit, 387 P.2d 898, decided by the Colorado Supreme Court on December 30, 1963—and not heretofore considered.

The Clerk of this Court was thereupon directed to delay the transmittal of the mandate reversing the judgment of the United States District Court for the District of Colorado and remanding the case for a new trial until consideration could be given to the additional authorities.

In our opinion reversing and remanding the case, we were of the opinion that there was sufficient evidence to submit to the jury the question of whether the operation of a horseback riding concession granted to Ashton by Buckskin Joe, Inc. was a joint venture between the parties. Upon further consideration, in view of the Colorado law, we have concluded that there was insufficient evidence to raise the issue of fact as to the existence of such a joint venture, and that judgment in favor of Buckskin Joe, Inc. should have been affirmed.

In Realty Development Co. v. Feit, supra, 387 P.2d at 899, in setting forth the requirements necessary to create a joint venture, the court said:

"A joint venture cannot arise by mere operation of law, its legal force being derived from the voluntary agreement of the parties either express or implied. 48 C.J.S. Joint Adventures § 3, p. 816 et seq.

"The test in determining whether a joint adventure relationship exists is very well set forth in the case of White v. A. C. Houston Lumber Co., 179 Okl. 89, 64 P.2d 908. Therein the court said there are three requirements for a joint venture:

"'* * * (1) There must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, *to share in the profits and losses of the venture*; and (3) there must be actions and conduct showing co-operation in the project. *None of these elements alone is sufficient.*' (Emphasis supplied.)

"This court had occasion to quote with approval from an Oklahoma case in Fedderson v. Goode, 112 Colo. 38, 145 P.2d 981, in connection with the determination of the question of joint venture. Therein this court said: 'The chief characteristic of a "joint venture" is a "joint and not

a several profit". \* \* \*'" Cf. Webber v. Satriano, Colo., 384 P.2d 924.

The evidence in the record here does not meet these requirements. The record does not show that the interest of Buckskin Joe, Inc. in Ashton's operation was anything other than that of landlord. It was not responsible for losses, and the profits received were in lieu of rental.

Our opinion reversing the judgment of the trial court and remanding the case for a new trial is modified, and the judgment in favor of Buckskin Joe, Inc. is hereby affirmed. With the modification, the petition for rehearing is denied.