473 P.2d 885

**VERN SHUTTE & SONS, Plaintiff and Respondent,**

**v.**

**J. R. BROADBENT and Earl Fredrickson, Defendants and Appellants.**

**No. 11937.**

Supreme Court of Utah.

Aug. 17, 1970.

Milton A. Oman, Salt Lake City, for defendants-appellants.

Golden W. Robbins, Salt Lake City, for plaintiff-respondent.

2. See Dragos v. Russell, 1 Utah 2d 385, 267 P.2d 775 (1954).

CALLISTER, Justice.

Plaintiff initiated this action to recover the unpaid balance for services rendered, specifically the chopping of hay for cattle located in feeding lots near Burley, Idaho. Plaintiff was awarded judgment against both defendants; defendant Broadbent, alone, appeals.

J. R. Broadbent was the owner of several thousand head of cattle; he entered into a contract with Earl Fredrickson, the terms of which were subsequently reduced to writing. The contract, which was introduced into evidence, provided that Fredrickson would take possession and feed at his sole cost and expense Broadbent's cattle from November 1, 1963 to June 1, 1964. As compensation, Fredrickson was to receive fifteen cents per pound gain in weight made by the cattle during this period. Fredrickson further agreed to hold Broadbent harmless from any obligation connected with the feeding and care of the cattle during this interim.

Pursuant to the contract, Fredrickson acquired a feeding location at the Steele Ranch, which was operated by Carl Nelson and Von Kincaid. Carl Nelson asked plaintiff to chop hay at the ranch. Plaintiff testified that Nelson informed him that he was chopping for Fredrickson. Plaintiff admitted that he had never had any contact with Broadbent until he attempted to collect the indebtedness in May of 1964. Plaintiff testified that he did not discuss with Fredrickson the business relationship between Broadbent and Fredrickson. Plaintiff received one payment of $1,000 from Fredrickson on the indebtedness.

Carl Nelson testified that Fredrickson was the only person who requested care and feeding of the cattle from December of 1963 to February 22, 1964. However, Fredrickson did inform Nelson that the cattle were owned by Broadbent, although Nelson had no knowledge of the business arrangement. Nelson further testified that he knew Fredrickson was feeding cattle for seven or eight other persons.

Defendant Broadbent testified that he shipped his cattle to Burley, and defendant Fredrickson began drawing sums in advance to purchase hay. By the end of 1963, the amounts already advanced appeared in excess of any anticipated gain on the cattle. Broadbent went to Idaho and discovered Fredrickson was involved in feeding arrangements with several individuals on an extensive basis, and that the hay previously purchased had been consumed. Based on the contemplated gain, there were no funds under the contract to pay for further feed. The two defendants had a conference in the middle of February, and Fredrickson advised Broadbent that he would no longer be able to provide feed and care. The arrangement was terminated by mutual consent. Broadbent sent his ranch foreman to take charge of the operation and directed him to pay all in-

debtedness incurred subsequently in the feeding of the cattle.

Defendant Fredrickson testified that he had a contract to feed the cattle on a gain basis, that he arranged through Nelson for plaintiff to chop hay for $3.50 per ton, and that Broadbent had advanced in excess of $75,000 for the feeding.

The trial court found that Broadbent was the owner of certain cattle that Broadbent and Fredrickson were jointly feeding and that at their request plaintiff chopped hay; and that there was a balance due of $1,-035.05 which had not been paid although demand had been made. The court concluded plaintiff was entitled to judgment, interest, and costs.

On appeal, defendant Broadbent contends that the trial court erred in its conclusion that the two defendants were engaged in a joint venture. He asserts that the undisputed evidence indicated that Fredrickson fed the cattle as an independent contractor; and, therefore, there was no legal ground upon which to predicate Broadbent's liability.

Appellant argues that the Broadbent-Fredrickson arrangement did not constitute a joint venture because there was no joint participation in profits or losses. Neither would share in or be affected by the profits or losses of the other, i. e., fluctuations in livestock prices would affect Broadbent but not Fredrickson; feed costs would affect Fredrickson but not Broadbent.

In Bates v. Simpson [1] this court observed that a joint venture is in the nature of a partnership; and to establish such an arrangement, there must be an agreement, express or implied, for the sharing of profits.

In Hayes v. Killinger [2] the court made a thoughtful and complete analysis of the legal concept of joint venture and concluded:

> In summary we see that in order to create a joint adventure it is not enough that the parties act in concert to achieve some economic objective. The ultimate inquiry is whether the parties manifested by their conduct a desire to commingle their profits, control, and risks in achieving the objective. * * *
>
> An agreement, express or implied, for the sharing of profits among the co-venturers is indispensable to the creation of the joint venture; and the profit accruing must be joint and not several.[3]

The foregoing principle is well illustrated in Conner v. Great Western Savings and Loan Association[4] and Realty Development Company v. Feit.[5]

1. 121 Utah 165, 170, 239 P.2d 749 (1953).
2. 235 Or. 465, 385 P.2d 747, 754 (1963).
3. Williston on Contracts (3d Ed.), § 318A, p. 571.

4. 69 Cal.2d 850, 73 Cal.Rptr. 369, 447 P.2d 609, 615 (1968).
5. 154 Colo. 44, 387 P.2d 898, 899 (1963).

In the Realty Development case the court observed that the following three requirements were essential for a joint adventure and that none alone was sufficient:

(1) There must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to share in the profits or losses of the venture; and (3) there must be actions and conduct showing co-operation in the project. * * *

The court emphasized that the chief characteristic of a joint adventure is a joint and not a several profit. The court concluded that there was no joint venture, where each party to the agreement would make a profit or sustain a loss without any regard to the other's profit or loss.

In the Conner case [6] the court stated:

A joint venture exists when there is an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, and understanding as to the sharing of profits and losses, and a right of joint control. * * *

The California court observed that although the profits of each of the two participating corporate entities were dependent on the overall success of the project, neither was to share in the profits or losses that the other might realize or suffer. Although each received substantial payments, neither had an interest in the payments received by the other. The court concluded that under these circumstances no joint venture existed.

In the instant action, the undisputed evidence indicated that the profits accruing to either party to the Broadbent-Fredrickson contract were several and not joint. Under such circumstances the cattle feeding transaction was not, as a matter of law, a joint venture. The judgment of the trial court is reversed and remanded with an order to render judgment in accordance with this opinion. Costs are awarded to appellant.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Chief Justice (concurring specially).

I concur in the order made because it is not shown that there was any privity of contract between the plaintiff and the defendant Broadbent, nor was there any relationship of partnership or joint venture between the defendant Broadbent and Fredrickson of the nature necessary for the latter to bind Broadbent in the transaction with the plaintiff. See Annotation: What Amounts to Joint Venture, 48 A.L.R. 1055, et seq.; 48 C.J.S. Joint Adventures § 2, p. 812.

6. Note 4, supra.