544 P.2d 408 (1975)
L. C. FULENWIDER, Jr., Plaintiff-Appellant,
v.
The WRITER CORPORATION, Defendant-Appellee.
No. 74-503.
Colorado Court of Appeals, Div. I.
September 9, 1975.
Rehearing Denied November 13, 1975.
Certiorari Denied January 26, 1976.
*409 Martin P. Miller, Littleton, for plaintiff-appellant.
Dayton Denious, Edward T. Able, Jr., Denver, for defendant-appellee.
Not Selected for Official Publication.
BERMAN, Judge.
Plaintiff, L. C. Fulenwider, Jr., appeals from a judgment denying his claim that a joint venture exists between himself and the defendant, Writer Corporation.
The plaintiff alleged that he and the defendant corporation orally agreed to enter into a joint venture to buy, "cure," and sell a parcel of real estate in Arapahoe County known as "The Knolls." The defendant denied the existence of a joint venture. Although Writer Corporation admitted that some preliminary discussions had been entered into, it denied the agreement was consummated and contended that essential elements of the alleged joint venture had never been agreed upon by the parties.
Several facts are not disputed: On October 30, 1969, a purchase contract for "The Knolls" was entered into between 1949, Inc., a nominee corporation of the plaintiff, as purchaser, and Transamerica Title Insurance Company, a nominee corporation for the seller, Arapahoe Land Syndicate. Plaintiff, or his company, L. C. Fulenwider, Inc., was the exclusive sales agent for the Arapahoe Land Syndicate and received a commission on the sale. At the closing on December 1, 1969, title was conveyed to Writer Corporation and a purchase money deed of trust and note for the purchase price were signed by Writer Corporation. An initial down payment of $50,261 was made, plaintiff and defendant each paying one-half of that amount. On March 11, 1970, a construction loan agreement for $384,000 was executed by Writer Corporation secured by a note personally signed by George Writer, Jr., president of Writer Corporation, his wife, and plaintiff.
*410 On August 3, 1970, the construction loan agreement was refinanced for $471,000, this time secured by a guaranty signed by the same three individuals.
In October of 1970, Writer Corporation returned $25,000 to plaintiff as his share of the down payment. In March of 1971, an amended guaranty, signed by George Writer, Jr., and his wife, was executed and the prior guaranty was released. The plaintiff, during the time of these transactions, was a shareholder and director of Writer Corporation.
The plaintiff asks us to reverse the trial court's decision on the ground that there is insufficient support in the record for the trial court's holding that he had not established the joint venture. He urges this court to find the joint venture proven as a matter of law. We affirm the trial court's decision as supported by the record.
This court in Bainbrich v. Wells, 28 Colo.App. 432, 476 P.2d 53, citing the Colorado Supreme Court's decision in Realty Development Co. v. Feit, 154 Colo. 44, 387 P.2d 898, set forth the three requirements for establishing a joint venture:
"`(1) There must be joint interest in the property by the parties sought to be held as partners;
(2) there must be agreements, express or implied, to share in the profits and losses of the venture; and
(3) there must be actions and conduct showing co-operation in the project. None of these elements alone is sufficient.'" (emphasis omitted)
The plaintiff has the burden of proving the existence of the joint venture. Bender v. Bender, 144 Mont. 470, 397 P.2d 957; 46 Am.Jur.2d Joint Ventures § 69.
We cannot agree with the plaintiff's contention that a joint venture was proven as a matter of law. The purpose of the alleged joint venture was to acquire "The Knolls," "cure" the property (curing refers to installing streets, curbs, gutters, sewers, utilities, et cetera), and sell the finished sites to the defendant corporation. The plaintiff relies primarily on the fact that the land was acquired, that he made one-half of the down payment, and that he personally signed the note and guaranty securing the two construction development loans.
While no specific formal agreement is necessary, a joint venture cannot arise by mere operation of law, its legal force is derived from the voluntary agreement of the parties either express or implied. Realty Development Co. v. Feit, supra; Transit Equipment Co. v. Dyonisio, 154 Colo. 379, 391 P.2d 478. The joint venture is consummated when the minds of the parties meet and their mutual promises are exchanged. Lindsay v. Marcus, 137 Colo. 336, 325 P.2d 267. Thus, the facts relied on by the plaintiff, although admittedly going toward the foundation of the joint venture, do not, by themselves, prove the consummation of the agreement.
The evidence on the issue of whether the joint venture agreement was in fact consummated was in conflict. The finding of the trial court that the alleged joint venture had never gone beyond the stage of preliminary discussion is supported by the evidence and, accordingly, will not be disturbed on review. Webber v. Satriano, 153 Colo. 138, 384 P.2d 924.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.