EMBRY, Justice.
On this appeal from summary judgment we must decide whether, indisputably, plaintiffs’ claim is one to enforce rights of a partnership, consequently requiring joinder of one not presently a party to the action.
Plaintiffs, Ray and Alice Benson, base their claim for relief on conversion of personal property; trespass on property occupied by them; invasion of privacy; and intentional interference with their leasehold interest in the premises. Defendants, Charles Pachetti and Wenona Ruby McClure a/k/a Wenona Ruby McClure Pa-chetti, filed a motion for summary judgment or in the alternative that the Bensons be required to add and bring in as a necessary party plaintiff a partnership consisting of Ray Benson and Jimmy McClure d/b/a Pots and Plants Garden. The Bensons appeal from the summary judgment granted in favor of the Pachettis. We reverse and remand.
The facts, as we can glean them from the depositions and affidavits of the Bensons, which generated this litigation are: In June of 1976, the Bensons were operating a business located in Huntsville, Alabama, known as Pots and Plants Garden or simply Pots and Plants. The business was located in premises which were owned by Nonie McClure and Billy Don Thompson. Apparently, Nonie McClure is one and the same as Wenona Ruby McClure Pachetti and at one time was the wife of Jimmy McClure. At the outset the business was a partnership operation of Ray Benson and Jimmy *19 McClure who employed Alice Benson. It seems that, shortly before the events giving rise to the Benson’s claim, Jimmy McClure left Huntsville (the inferences are that he and Wenona either had separated or had been divorced). At this time the business was delinquent in rental payments which were due a bank for the benefit, apparently, of Wenona McClure Pachetti (now the wife of Charles (“Chuck”) Pachetti). At or about the time Jimmy McClure left Huntsville, it is the contention of Ray Benson, McClure gave his interest in the business to Benson. On the other hand, the Pachettis claim that the partnership was not dissolved. At the least, the facts and conclusions of law to be drawn from them in this regard are in sharp dispute.
With the situation in that posture, Pa-chetti went to Pots and Plants, proceeded to change the locks, seized the inventory and other physical assets of the business, and prevented its further operation. Alice Benson was present when that occurred.
We must first deal with the motion of the Pachettis to dismiss this appeal. By that motion it is contended the order of the trial court is not a final judgment from which this appeal may be taken. These are the words of the order:
“This cause coming on to be heard on the Motion of Defendants for Summary Judgment, and the Court having heard and considered same is of the opinion that Jimmy McClure and Ray Benson, were partners operating the business in question; that the said cause of action should not be maintained.
“It is therefore, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that Defendants’ Motion for Summary Judgment is granted.”
The Pachettis say the substance of it merely requires joinder of a necessary party plaintiff; the partnership consisting of Ray Benson and Jimmy McClure d/b/a Pots and Plants Garden. We cannot agree.
Reading the order in light of Rule 58(b):
“Sufficiency of Judgment, Order or Minute Entry Thereof. * * * The judgment or order or the minute entry thereof will be sufficient if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication.”
Considering the whole record: the complaint; motion for summary judgment; affidavits; and the portions of depositions of Ray and Alice Benson found in the Appendix, we find the order evidences an intention to adjudicate that the action be dismissed without leave to amend by joinder of a party or without a determination by the trial court that joinder is not feasible. Rule 19(a), (b), ARCP. It was error for the trial court to enter the order, which effectively dismisses the action, for two reasons: whether the business was a proprietorship or partnership depends upon resolution of disputed facts and, in turn, requisite joinder or nonfeasibility of joinder also depends on that resolution.
Now, we proceed to the merits of this appeal.
No authority need be cited for the rule that summary judgment is inappropriate if under any conceivable set of facts, under any cognizable theory of law, the non-moving party could prevail.
The trial court, to make the determination that the action should not be maintained, obviously resolved disputed facts and concluded that it should not because Pots and Plants was a partnership. This was a material fact. The resolution of it determined whether the Bensons might go forward with their action, join McClure, or have it determined the action could proceed without McClure as a party. Rule 19(a), (b), ARCP.
We need not decide questions about, but feel compelled to comment on, our law regarding actions to enforce claims in favor of partnerships or to recover partnership obligations. This for the reason that the Pachettis rely mightily upon that law to uphold the action of the trial court.
The general rules: that all partners must join as parties plaintiff in an action to enforce a claim in favor of a partnership; *20 and where one partner will not join in a suit to recover partnership obligations the other partner or partners may name him as co-plaintiff by indemnifying him against costs, as enunciated in Rose v. Beckham, 264 Ala. 209, 86 So.2d 275 (1956) and authorities cited therein, to our knowledge have not been reexamined since adoption of the Rules of Civil Procedure, particularly Rule 19. This case does not require such reexamination.
The motion to dismiss this appeal is denied.
The summary judgment was improvidently granted.
Motion denied.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.