Gregory A. KEMP, Plaintiff
and Appellant,

v.

Robert MURRAY, Al Van Pelt, Vaughn
Fowler, John Does I–V, and Doe Corpo-
rations I–V, Defendants and Respon-
dents.

No. 18493.

Supreme Court of Utah.

April 16, 1984.

J. Mac Arthur Wright, St. George, for
plaintiff and appellant.

James R. Brown, Salt Lake City, for de-
fendants and respondents.

OAKS, Justice:

This is an action by a participant in
a joint venture, referred to here as a part-

nership,[1] to recover damages suffered when defendants thwarted the purchase and development of property by the partnership. Neither the partnership nor plaintiff's partner was named as a party. The trial court dismissed the action, holding that plaintiff had failed to join an indispensable party. Utah R.Civ.P. 19(a). We affirm.[2]

In early 1978, plaintiff discovered a parcel of real property in Washington County, Utah, that he believed had excellent potential for development. After ascertaining that the property was for sale, plaintiff organized a partnership under the name Padre Canyon Venture to purchase and develop the property. Initially, the venture included plaintiff and one Sullivan as partners. These two agreed to seek other partners to invest in the venture. Plaintiff performed preliminary work in an effort to negotiate the purchase, clear the property of liens, and set the development in motion. For this he was to receive a 15% interest in the Padre Canyon partnership. The remaining 85% interest was to be divided among Sullivan and any new investors.

Plaintiff first contacted a group of investors headed by one Jacobs. Plaintiff and Sullivan believed they had struck a deal with the Jacobs group until a dispute arose over the division of the investors' 85%. While attempting to resolve this issue, plaintiff and Sullivan made contact with defendants, who expressed an interest in joining the venture if negotiations with the Jacobs group proved fruitless. Plaintiff, on behalf of Padre Canyon, discussed the project in detail with defendants.

According to Plaintiff's rendition of the facts, which we accept as true for this appeal, *St. Pierre v. Edmonds*, Utah, 645 P.2d 615, 616–17 (1982), Padre Canyon broke off negotiations with the Jacobs group in reliance upon the defendants' representation that they were interested in joining the venture. Thereafter, defendants declined to participate in Padre Canyon, blocked that partnership's purchase of the development property, and eventually purchased the property for themselves. Plaintiff then brought this action in his own name to recover the damages he allegedly suffered (through his 15% share) due to defendants' tortious interference with contract, tortious interference with prospective economic advantage, and breach of agreement. The question on this appeal is whether plaintiff, who was a partner in the venture, may bring an action in his own name without joining his copartner and without naming the partnership. We hold that he cannot.

Courts universally hold that an individual partner may not sue in his own name to enforce a liability owed to a partnership. *Gustafson v. State*, 11 Ariz.App. 176, 462 P.2d 869 (1979); *Stevens v. St. Jospeh's Hospital*, 52 A.D.2d 722, 381 N.Y.S.2d 927 (1976); *Marx v. Lenske*, 263 Or. 90, 500 P.2d 715 (1972). *See* 60 Am.Jur.2d *Partnership* § 325 (1972). One partner's failure to join all partners as plaintiffs is grounds for dismissal for lack of necessary parties. *White v. Jackson*, 252 S.C. 274, 166 S.E.2d 211 (1969); *Benson v. Pachetti*, Ala., 349 So.2d 17 (1977). *See* Utah R.Civ.P. 19(a).

Under the law of some states a partnership is empowered to sue in the partnership name. *See generally* 60 Am.Jur.2d *Partnership* §§ 322–24 (1972). That question has not been decided in this state, *Wall Investment Co. v. Garden Gate Distributing, Inc.*, Utah, 593 P.2d 542, 544 (1979), and need not be decided in this case. If a partnership can sue in its own name, the partnership is obviously an indispensable party in an action to enforce a partnership claim, since it is the real party in interest. *Dalby v. United States Fidelity and*

---

**1.** A joint venture is subject to the same rules as a partnership. *Vern Shutte & Sons v. Broadbent*, 24 Utah 2d 415, 473 P.2d 885 (1970); *Bates v. Simpson*, 121 Utah 165, 239 P.2d 749 (1952); *Scott Company of California v. Enco Construction Co.*, Miss., 264 So.2d 409 (1972).

**2.** The trial court also granted defendants' motions for summary judgment. Since we affirm the dismissal, we do not reach the questions treated in the summary judgment.

*Guaranty Co.*, La.App., 365 So.2d 568 (1978). If a partnership cannot sue in its own name, it must sue in the name of the partners, and all are necessary parties, as explained above. In either event, this plaintiff has failed to join an indispensable party and his complaint was properly dismissed on that basis. Utah R.Civ.P. 17(a).

■ Rules 19(a) and 17(a) both seek to protect the same interests: judicial economy and fairness to the parties in litigation. The purpose of Rule 19(a), "which requires the joinder of indispensable parties as a condition to suit, is to guard against the entry of judgments which might prejudice the rights of such parties in their absence." *Sanpete County Water Conservancy District v. Price Water Users Association*, Utah, 652 P.2d 1302, 1306 (1982). In addition, by requiring joinder of necessary parties, Rule 19(a) protects the interests of parties who are present by precluding multiple litigation and contradictory claims over the same subject matter as the original litigation.

Rule 17(a) serves essentially the same policy by requiring an action to be brought by the real party in interest. As we held in *Shaw v. Jeppson*, 121 Utah 155, 163, 239 P.2d 745, 748 (1952):

> The reason the defendant has the right to have a cause of action prosecuted by the real party in interest is so that the judgment will preclude any action on the same demand by another and permit the defendant to assert all defenses or counterclaims available against the real owner of the cause.

*Accord Nordling v. Johnston*, 205 Or. 315, 283 P.2d 994, 997 (1955) (Rule 17(a) "was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause.").

Here, the cause of action clearly belonged to the Padre Canyon partnership or partners, and not to plaintiff individually. In the complaint, plaintiff repeatedly states that he performed work and made contacts "on behalf of Padre Canyon." Padre Canyon or its partners would have owned the property had the purchase and develop-

ment been successful. It was only through Padre Canyon that plaintiff would have derived any profit, and it is only through Padre Canyon that he suffers the damage he has alleged.

■ Unless plaintiff could show that he suffered direct injury personally, as distinguished from injury to the partnership, this complaint was properly dismissed. In *Hauer v. Bankers Trust New York Corp.*, 509 F.Supp. 168 (E.D.Wis.1981), *aff'd per curiam*, 671 F.2d 1020 (7th Cir.1982), a jury awarded a plaintiff $700,001 damages for tortious interference with contractual relations. However, the trial court granted defendant's motion for judgment n.o.v., holding that it was actually the partnership in which plaintiff was a participant that suffered the damage, not plaintiff personally.

> The evidence described above and the inferences the plaintiff draws from the evidence arguably support the theory that [one of the defendants] misappropriated an equity that the *partnership* had in the Scotsland project. In addition, it cannot be denied that the value of the partnership's equity in Scotsland was directly related to the creativity and industry of the plaintiff, James Hauer. However, this does not mean that [defendant] has deprived Mr. Hauer of any rights or property belonging to him personally.

509 F.Supp. at 175 (emphasis in original).

■ In our case, as in *Hauer*, plaintiff alleges that he dedicated hard work and energy toward the success of the Padre Canyon partnership. However, even according to the clear allegations of plaintiff's complaint, the rights that were infringed belonged to Padre Canyon, not to plaintiff. Consequently, plaintiff was required either to name the partnership as the real party in interest or to join his copartner as a necessary party.

■ Plaintiff argues that since he is only suing to recover his portion of the partnership's claim, he should be entitled to go forward in his individual capacity. Plaintiff does not explain how or whether a final judgment granting him recovery of

his 15% from defendants would preclude the partnership or the other partner from later suing on their claims. Nor does plaintiff explain how or whether this action would preclude the partnership or the other partners from disputing plaintiff's entitlement to the 15% share he seeks to collect from defendants. Allowing plaintiff to go forward individually could subject defendants to multiple liability and could spawn multiple litigation among the partnership, the individual partners, and defendants. This would be unfair to absent partners, unfair to defendants, and contrary to judicial economy. That is undoubtedly why Rules 17(a) and 19(a) forbid such a result. As the court held in *Stevens v. St. Joseph's Hospital, supra,* 381 N.Y.S.2d at 928:

> Plaintiff, as an individual, cannot assert that he has been entitled to one-third of .

the defendant's monthly payments under the contract, free of any partnership commitments. A partnership cause of action belongs to the partners jointly, and a member of the partnership may not recover on a partnership obligation by his individual suit.

Affirmed.[3]

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.

---

**3.** Affirmance of a judgment of dismissal on the basis cited here does not preclude a plaintiff from renewing his claim in a complaint naming the indispensable party or the real party in interest. One partner cannot bar a copartner from collecting on debts owed to the partnership. *Stark v. Utica Screw Products, Inc.,* 103 Misc.2d 163, 425 N.Y.S.2d 750 (1980). Where one partner refuses to join an action, the other partner(s) may name him as a plaintiff by indemnifying him against costs, *Benson v. Pachetti,* Ala., 349 So.2d 17 (1977), or by making him an involuntary plaintiff, Utah R.Civ.P. 19(a).