952 F.2d 1401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LION HILL MINES, Through Adolf SCHOEPE, sole surviving
partner and Adolf Schoepe, individually, Robert
Adolf Schoepe and Sherrill Ann Schoepe,
Plaintiffs-Appellants,
v.
ZIONS FIRST NATIONAL BANK, a national association, Defendant-Appellee.
 No. 90-4210.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1992.
 
 Before McKAY, Chief Judge, and BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 Lion Hill Mines (Lion Hill), through Adolf Schoepe, sole surviving partner, and Adolf Schoepe, individually, Robert Adolf Schoepe, and Sherrill Ann Schoepe appeal from the orders of the district court granting in part defendant Zions First National Bank's (Zions) motion to dismiss, and granting summary judgment in favor of Zions. Schoepe v. Zions First Nat. Bank, 750 F.Supp. 1084 (D.Utah 1990).
 
 
 2
 The relevant facts are not in dispute and will be briefly summarized. In October, 1980, Lion Hill entered into a contract to sell certain mining properties in Nevada to Pacific Silver Corporation (Pacific Silver). Pursuant to the contract, Lion Hill and Pacific Silver entered into an escrow agreement with Zions in February, 1981. Under the escrow agreement, Pacific Silver agreed to make installment payments to Zions, which, as escrow agent, would deliver the payments to Lion Hill. If all payments were made to Zions for Lion Hill, Zion, as escrow agent, was directed to deliver an assignment of the mining claims to Pacific Silver.
 
 
 3
 In July, 1982, Lion Hill agreed to extend the payment schedule of the October, 1980 contract. This extension was made a part of the escrow agreement.
 
 
 4
 In March, 1984, Zions made a $1.6 million loan to Pacific Silver, and took and recorded an assignment of Pacific Silver's rights under the October, 1980, contract as partial security for the loan. Lion Hill was not informed of, nor did it consent to the loan. In January, 1985, Zions made another loan for $700,000 to Pacific Silver; again, the loan was made without the knowledge or consent of Lion Hill.
 
 
 5
 Lion Hill entered into another extension agreement with Pacific Silver in November, 1985, in which the payment schedule of the October, 1980 contract was modified to decrease payments from $300,000 to $100,000 in 1985, and from $350,000 to $150,000 in 1986. This extension was also made a part of the escrow agreement. After making the $150,000 payment in 1986, Pacific Silver ceased making payments and the October, 1980, contract was subsequently terminated.
 
 
 6
 Lion Hill filed the instant suit based on diversity jurisdiction under 28 U.S.C. § 1332(a) (1966). In its complaint, Lion Hill claimed that it would not have agreed to the 1985 payment extension if it had known of the $2.3 million in loans Zions made to Pacific Silver. Lion Hill asserted that Zions, acting as escrow agent, had a duty to disclose the loans, and that failure to disclose the loans was the proximate cause of Lion Hill's damages. (Appellant's Appendix pp. 1-6).
 
 
 7
 After hearing oral argument on Zions' motion to dismiss the individual claims of the Schoepes for lack of standing, the district court granted the motion for failure to state a claim on behalf of the individual plaintiffs, without prejudice. Id. at pp. 79-83. In the same order, the district court found that, even when construing the allegations in the light most favorable to Lion Hill, there was no basis for any claim for relief other than the possible claim of breach of fiduciary duty. Accordingly, the district court dismissed all of Lion Hill's claims, except the claim based on a breach of fiduciary duty, for failure to state a claim upon which relief could be granted. Id.
 
 
 8
 In its order granting summary judgment in favor of Zions, the district court found that Zions had exercised reasonable skill and ordinary diligence in following the escrow instructions and that the escrow agreement did not contain any language which imposed a duty on Zions to disclose any information to its principals. Thus, the district court found that there were no genuine issues of material fact and that as a matter of law, Zions did not breach its fiduciary duty to Lion Hill. Schoepe at 1089-90.
 
 
 9
 On appeal, Lion Hill contends the district court erred in ruling that the individual Schoepes did not have standing to assert claims against Zions and that Lion Hill failed to state a claim for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. Lion Hill further contends that the district court erred in determining that its allegations did not support a claim for breach of fiduciary duty.
 
 
 10
 We hold that the district court did not err in determining that the individual plaintiffs did not have standing to sue Zions, and that Lion Hill failed to state a claim for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. We further hold the district court did not err in granting summary judgment in favor of Zions.
 
 
 11
 In diversity cases, the federal court must apply the law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Richards v. Platte Valley Bank, 866 F.2d 1576 (10th Cir.1989). Our review of a motion to dismiss is de novo. McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir.1991). See, Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986).
 
 
 12
 We review a summary judgment order de novo, applying the same standard used by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). On appeal, we examine the facts in the light most favorable to the party opposing summary judgment. Anderson v. Department of Health & Human Services, 907 F.2d 936, 947 (10th Cir.1990).
 
 I.
 
 13
 Lion Hill contends that the district court erred in ruling that the individual Schoepes did not have standing to assert claims against Zions.
 
 
 14
 In its order denying in part and granting in part defendant Zions' motion to dismiss, the district court found, after oral argument, that "[t]he court's review of plaintiffs' complaint convinces it that any claim against defendant would have to be a claim of the Lion Hill Mines." (Appellant's Appendix at p. 81). The court further found that even when construing the complaint most favorably to Lion Hill, no claim was stated on behalf of Adolf Schoepe individually or on behalf of his children. Id.
 
 
 15
 Adolf Schoepe contends that he is the sole surviving partner of the joint venture, Lion Hill Mines.[1] Schoepe further contends that, as such, he was directly impacted by Zions' conduct and is entitled to seek redress individually as well as on behalf of Lion Hill.
 
 
 16
 It has been determined that "[u]nless [the] plaintiff could show that he suffered direct injury personally, as distinguished from injury to the partnership, [the] complaint [would be] properly dismissed." Kemp v. Murray, 680 P.2d 758, 760 (Utah 1984). See also, Hauer v. Bankers Trust New York Corp., 509 F.Supp. 168 (E.D.Wis.1981), aff'd per curiam, 671 F.2d 1020 (7th Cir.1982).
 
 
 17
 A careful review of the complaint filed on behalf of Lion Hill reveals that the claims stated against Zions belong solely to the Lion Hill partnership, and not to the individual Schoepes. There is nothing in the complaint indicating that Adolf Schoepe suffered an injury distinguishable from the injuries asserted by Lion Hill. Any redress Adolf Schoepe had been entitled to could have been realized under Lion Hill's recovery.
 
 
 18
 Robert Adolf Schoepe and Sherrill Ann Schoepe, the children of Adolf Schoepe, contend that as named payees in the escrow agreement they have rights as third-party beneficiaries, and therefore are entitled to seek redress individually. The complaint, however, does not allege any third-party beneficiary claims on behalf of the Schoepe children.[2] Furthermore, whether the Schoepe children were named third-party beneficiaries in the complaint is irrelevant in light of the district court's finding that the complaint, when construed most favorable to the Schoepes, did not state any claim on behalf of the Schoepe children individually. (Appellant's Appendix at p. 81). As with their father's individual claim, we agree with the district court's determination that the complaint did not set forth any injuries distinguishable from the injuries claimed by Lion Hill. Any redress the Schoepe children were entitled to would flow from any recovery obtained by Lion Hill.
 
 
 19
 We hold that the district court did not err in dismissing the individual claims of Adolf Schoepe, Robert Adolf Schoepe, and Sherrill Ann Schoepe.
 
 II.
 
 20
 Lion Hill contends that the district court erred in ruling that it failed to state a claim for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing.
 
 
 21
 In its order denying in part and granting in part defendant Zions' motion to dismiss, the district court found that "even when construing [Lion Hill's] allegations in the light most favorable to [Lion Hill], this court is of the opinion that there is no basis for any other claim for relief other than possibly under a claim for breach of fiduciary duty." (Appellant's Appendix at p. 81). The court further specifically determined that Lion Hill's claim for breach of an implied covenant of good faith and fair dealing must be dismissed. Id.
 
 
 22
 A careful review of the complaint filed on behalf of Lion Hill reveals that the only possible claim stated, upon which relief could have been granted, was the breach of fiduciary duty claim. The facts asserted do not support the claims advanced by Lion Hill for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing.
 
 
 23
 The specific claim for breach of the implied covenant of good faith and fair dealing was dismissed by the court with a citation to Cook v. Zions First National Bank, Civil No. C85-362W, Memorandum Decision and Order of September 11, 1987 (D.Utah). The Cook opinion stated that "recognition of a claim for breach of covenant of good faith and fair dealing would be unjustified in the absence of more persuasive Utah and Wyoming authority." Id. at p. 5. In the instant case, the appendix of Lion Hill indicates it failed to provide the court with any "more persuasive" legal authority to substantiate its claim for breach of implied covenant of good faith and fair dealing.
 
 
 24
 We hold that the district court did not err in dismissing all of the claims asserted by Lion Hill except for the possible breach of fiduciary duty.
 
 III.
 
 25
 Lion Hill contends that the district court erred in its final ruling that the allegations made by Lion Hill could not support a claim for breach of fiduciary duty.
 
 
 26
 We have examined the briefs, the complaint, and the appellate record. We are satisfied that the district court properly resolved the issue of the breach of fiduciary duty. The district court correctly determined that Zions' only fiduciary duty was that of exercising reasonable skill and ordinary care in performing its escrow instructions. We affirm for substantially the reasons given in the district court's opinion, Schoepe v. Zions First Nat. Bank, supra.
 
 
 27
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 "A joint venture is subject to the same rules as a partnership." Kemp v. Murray, 680 P.2d 758, 759 n. 1 (Utah 1984). See, Vern Shutte & Sons v. Broadbent, 473 P.2d 885 (Utah 1970); Bates v. Simpson, 239 P.2d 749 (Utah 1952)
 
 
 [2]
 Lion Hill filed a motion for leave to amend its original complaint, which included naming the Schoepe children as intended third party beneficiaries under the escrow agreement. The magistrate granted the motion. (Appellant's Appendix at p. 114). The district court reversed the magistrate's order, and subsequently denied Lion Hill's motion for leave to amend. (Appellant's Appendix at pp. 190-91)